UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Jessica Carter, individually and on behalf of all others similarly situated;<br><br>       Plaintiff,<br><br> -v.-<br><br>Midland Credit Management, Inc.,<br><br>       Defendant. | Civil Action No: 4:23-cv-68<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jessica Carter (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Midland Credit Management, Inc. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." Id. §1692(e). After determining that the existing consumer protection laws ·were inadequate. Id §l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. §1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Denton.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process through its registered agent, Corporation Service Company dba CSC-Lawyers Incorporated, at 211 E 7th Street, Suite 620, Austin, Texas 78701.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The class consists of:

    a. all individuals with addresses in the State of Texas;

    b. to whom Defendant sent a collection letter attempting to collect a debt;

    c. after the consumer sent a written communication requesting that Defendant cease and desist from further communications;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendant and all officer, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, **in the form attached as Exhibit A** violate 15 U.S.C. §§ 1692c, 1692d, and/or 1692f *et seq*.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this Amended Class Action Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, **in the form attached as Exhibit C** violate 15 U.S.C. §§ 1692c, 1692d, and/or 1692f *et seq*.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

        class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

      e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to November 7, 2022, three separate obligations were allegedly incurred to Fifth Third Bank, National Association ( "Fifth Third").

22. The Fifth Third obligations arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. The alleged Fifth Third obligations are "debts" as defined by 15 U.S.C. §1692a(5).

24. Fifth Third is a "creditor" as defined by 15 U.S.C. §1692a(4).

25. Upon information and belief, Fifth Third sold or otherwise assigned the alleged debts to Defendant while the subject debts were allegedly delinquent.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<em><u>Violation I – December 21, 2022  Collection Letters</u></em>

27. Defendant attempted to collect debts from Plaintiff that arose out of a transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

28. On or about November 17, 2022, Plaintiff mailed a signed letter ("Cease and Desist Letter") via the United States Postal Service under tracking number 9407 1118 9876 5811 5994 96. A copy of the Cease-and-Desist Letter is attached hereto as Exhibit A.

29. The Cease-and-Desist Letter referenced the Fifth Third accounts by account number and the balance of the alleged debts.

30. The Cease-and-Desist Letter stated that Plaintiff disputed the debts and requested verification of the same.

31. Additionally, the Cease-and-Desist Letter demanded that Defendant cease all further communication other than Defendant's response to Plaintiff's demand for verification of all three alleged debts.

32. Defendant received the Cease-and-Desist Letter on November 22, 2022. A copy of the proof of receipt is attached hereto as Exhibit B.

33. After receipt of the Cease-and-Desist Letter, Defendant continued to contact Plaintiff in an attempt to collect the alleged Fifth Third debts.

34. At all relevant times, the employees who sent or otherwise had a connection with the sending of correspondence to Plaintiff were acting as agents on behalf of Defendant.

35. Specifically, on December 21, 2022, Defendant sent three separate correspondence, one for each alleged debt, in which Defendant stated that it was considering sending the individual accounts to an attorney for possible litigation, requesting that Plaintiff respond to the letter, and stating that failure to do so could result in Defendant forwarding the account to an attorney. A copy of the "Collection Letters" are attached hereto as Exhibit C.

36. Such conduct directly violated 15 U.S.C. § 1692c(c) which forbids a debt collector from continuing to communicate with a consumer after the consumer advises that he wishes the debt collector to cease all further communication with the consumer.

37. Defendant's failure to comply with both Plaintiff's request and the FDCPA as a whole cast a negative shadow over its debt collection practice in general.

38. Despite the fact that Defendant was aware of Plaintiff's disputing of the debt and her specific request to not be contacted about the same beyond the providing of verification of the alleged debts, Defendant continued to send collection letters attempting to collect the debt.

39. The letters were intended to harass Plaintiff and push her to resolve the debts which Defendant knew were in dispute.

40. As noted, the FDCPA specifically requires a debt collector to cease communication with a consumer upon receipt of the consumer's written request that all communications cease and desist.

41. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed and/or confused.

42. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

43. When a debt collector continues to contact a consumer despite the consumer's express request that such communications cease, the debt collector's conduct only serves to harass a consumer.

44. When a consumer is inundated with attempts to collect a debt, particularly once the consumer has specifically requested that such communications cease, the consumer will often give up and choose to pay an unwarranted debt to avoid further trouble.

45. Knowing the state of affairs and swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

46. As noted, one specific requirement Congress implemented is requiring debt collectors to cease all communications with consumers who provided a written request for the same.

47. When a debt collector fails to follow the laws implemented by Congress, they create an unfair advantage against the consumer and impede the consumer's ability to respond to a demand intelligibly.

48. Such debt collector conduct encourages rash decision making and consumers are left without any power to face the debt collector in a meaningful way.

49. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

50. As complying with a cease-and-desist request, particularly when the same is supported by specific provisions of the FDCPA, the fact that Defendant continued to attempt to collect on the allegedly delinquent debts following its receipt of Plaintiff's Cease and Desist Letter arouses suspicion as to their underlying motivations for doing so.

51. Such conduct makes it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

52. Plaintiff was therefore unable to make payment on the debt.

53. The funds Plaintiff would have used to pay some or all of these alleged debts were therefore spent elsewhere.

54. Plaintiff was therefore left with less funds with which to pay off these debts once the facts were sorted out, if it turned out that she did indeed owe the alleged debt.

55. Because of Defendant's improper conduct, Plaintiff expended time, money, and effort in determining the proper course of action.

56. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

57. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of invasion of privacy, intrusion upon

seclusion, fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

58. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

59. Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter to ascertain what her options and possible responses could or should be.

60. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any debt.

61. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of the alleged debt.

62. Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letter to her detriment.

63. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

64. When a debt collector fails to comply with the specific requirements of the FDCPA the debt collector has harmed the consumer.

65. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c *et seq.*

66. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

68. Pursuant to 15 U.S.C. § 1692c, a debt collector continue to communicate with a consumer who has provided a written request that the debt collect cease and desist further communications regarding any alleged debt.

69. Defendant violated § 1692c:

  a) By continuing to contact Plaintiff despite having received a cease-and-desist letter regarding the applicable debts.

70. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d *et seq.*

71. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

73. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

74. Defendant violated § 1692d:

   a) By ignoring Plaintiff's request and continuing to send harassing and oppressive communications to Plaintiff attempting to collect the alleged debts.

75. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f *et seq.*

76. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

77. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

78. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means to collect to attempt to collect any debt.

79. Defendant violated § 1692f:

   b) By unfairly and unconscionably ignoring Plaintiff's cease and desist letter by continuing to send communications to Plaintiff in an attempt to collect the alleged debts.

80. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

81. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jessica Carter, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland Credit Management, Inc., as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
January 25, 2023

*/s/ Yaakov Saks*
By:  Yaakov Saks, Esq.

**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
*Attorneys For Plaintiff*